**In the Matter of John D. KAYLOR, Debtor.**

**Anne H. KAYLOR, Plaintiff,**

v.

**John D. KAYLOR & Dungan E. Kaylor, Defendants.**

Bankruptcy No. 82–1532.
Adv. No. 82–692.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 26, 1983.

Don M. Stichter, Stichter & Riedel, P.A., Tampa, Fla., for defendant, John D. Kaylor.

Stephen F. Baker, Winter Haven, Fla., for defendant, Dungan E. Kaylor.

Malka Isaak, Tampa, Fla., for plaintiff.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a business reorganization case, initiated by a voluntary Petition for Relief, under Chapter 11 of the Bankruptcy Code, filed by John D. Kaylor (the Debtor). The matters under consideration are claims asserted by Anne H. Kaylor (the Plaintiff), the estranged wife of the Debtor, who is currently involved in a hotly contested divorce proceeding involving her marriage to the Debtor.

The claims of the Plaintiff are presented for this Court's consideration in a three count complaint in which the Debtor and Dungan E. Kaylor, his father, are named as Defendants. It is the contention of the Plaintiff, set forth in Count I of the Complaint, that the Debtor is, in fact, a beneficial owner of certain real property located in Polk County, Florida; that although the legal owner of the property is the father of the Debtor, both the Debtor and his father are in the process of selling the subject property and unless they are restrained, the Plaintiff will suffer irreparable harm.

In Count II of the Complaint, the Plaintiff alleges that since the Defendant now disclaims any interest, beneficial or otherwise in the subject property, this Court should enter a declaratory judgment determining that the Debtor is, in fact, the owner and holder of a beneficial interest in the subject property, therefore, the property is property of the estate.

Lastly, it is alleged in Count III of the Complaint that the Debtor received certain funds in connection with the proposed sale of the subject property and, therefore, they should be ordered to account for the funds received, which according to the Plaintiff, are funds belonging to the estate of the Debtor.

In order to prevent the disposition of the subject property, pending the resolution of this law suit, the Plaintiff filed a Lis Pendens in the Public Records of Polk County where the subject property is located. In due course, both Defendants filed their respective Answers to the Complaint denying all material allegations of the Plaintiff. The Defendants also filed Motions to Dissolve the Lis Pendens. The Motions filed by the Defendants were based on the ground that the Complaint fails to show and allege that the claims asserted by the Plaintiff are founded on a duly recorded instrument or on a claim for mechanics or materialman's liens and, therefore, not entitled to Lis Pendens protection by virtue of § 48.23 of Fla.Stat. The motions to dissolve the Lis Pendens were heard in due course and were denied. Shortly thereafter, the matter was set down for Final Evidentiary Hearing, but because of the illness of the Defendant, Dungan E. Kaylor, the hearing was continued and rescheduled. At the rescheduled trial, the Court heard testimony of witnesses, received certain matters in evidence and having considered the entire record now finds and concludes as follows:

John D. Kaylor, the Debtor involved in the above-captioned Chapter 11 proceeding, one of the Defendants, is a practicing attorney and was at the time relevant to this present controversy and still is married to the Plaintiff, Anne H. Kaylor, also a practicing attorney. As noted earlier, the Plaintiff and the Debtor are separated and

are parties involved in the still pending divorce proceeding. The Defendant, Dungan E. Kaylor, is the father of the Debtor.

Prior to July 1, 1980, the Debtor was a member of a professional association known as King, Kaylor and Thornhill, P.A. He also served, together with Mr. King, as trustee for King, Kaylor and Thornhill, P.A. Pension Trust, a trust organized and set up by the professional association. On July 1, 1980 Mr. King and the Debtor executed a warranty deed conveying the subject property to the Defendant, Dungan E. Kaylor. The total purchase price agreed upon was $80,000 although it appears there was no down payment. As part of the transaction, Dungan E. Kaylor executed a note in the face amount of $80,000 and a mortgage encumbering the subject property in favor of King, Kaylor and Thornhill, P.A. Pension Trust, representing the purchase price. The note is an installment note and calls for equal monthly installments of $880.87. It is further without dispute that the subject property was immediately leased by Dungan E. Kaylor on a monthly basis to King, Kaylor and Thornhill, P.A. According to the agreement, the law firm was to pay rent in the amount of $800 per month. Sometime after January 1, 1981, this amount was changed to $1,000 per month.

It is without dispute that in September 1981 the professional association of King, Kaylor, and Thornhill, P.A. was dissolved and, according to the dissolution agreement, the rent paid to the Defendant Dungan Kaylor was divided as follows: $333.32 was payable by the Debtor, John D. Kaylor, $666.67 by the remaining professional association composed of Mr. King and Mr. Thornhill, known as King and Thornhill, P.A. According to the agreement, the two law firms were also required to pay the taxes and the insurance on the subject property.

The record reveals that sometime thereafter, the professional association composed of Mr. King and Mr. Thornhill vacated the premises and the entire premises were occupied solely by the Debtor who, as of December 1981, was to receive the total amount of the mortgage payments from his father and, in turn, pay the monthly rent on the subject property. It is without dispute that the Debtor's P.A. did, in fact, make the monthly payments up to and including August 1982 to his father.

It further appears that Dungan E. Kaylor entered into a contract to sell the subject property to one Joel D. Mercer and his wife, Charlotte Mercer. According to the terms of the contract, the original closing was scheduled to be held on October 1, 1982, but because of the pendency of this litigation and the Lis Pendens, this transaction is not yet consummated.

There is no doubt that the original transfer of the subject property from Mr. King and the Debtor to Dungan Kaylor on July 1, 1980 lacks the indicia of a bona fide sale. The alleged purchase did not involve any down payment; the note given to the seller in the amount of the full purchase price calls for monthly payments equalling the amount which the seller, who remained on the premises as a tenant, was required to pay in rent. In addition, it is clear that the subject property which was originally an asset of the Pension Trust was to be distributed to John Kaylor upon the dissolution of the P.A. When the sale was consummated on July 1, 1980, it is clear that the title to the property was placed in the name of Dungan Kaylor, the Debtor's father only, in order to escape adverse tax consequences, rather than to convey full legal and equitable title to him. It further appears that when the P.A. was dissolved in September, 1981, the Debtor received his share of the firms assets, including the subject property, albeit, in the form of a note and mortgage generated from the earlier conveyance by the Pension Trust to Dungan Kaylor.

There is no doubt that due to the Debtor's developing domestic difficulties and the pendency of a bitterly contested dissolution of marriage proceedings, the Debtor now disclaims any interest in the property and Dungan Kaylor claims absolute ownership in order to prevent the Debtor's wife from reaching the subject property. Despite this unfortunate turn of events, the transaction

must be viewed in the context of the facts and circumstances which existed at the time of the original conveyance from King and the Debtor to Dungan Kaylor, and the Debtor's desire to insulate the subject property from the reach of his wife as part of the property settlement in the divorce proceeding is understandable, however, it is no justification to disregard the true intent of the parties at the time the subject property was conveyed.

This being the case, this Court is satisfied that the Debtor does have an equitable interest in the subject property and the Defendant, Dungan Kaylor, received and now holds nothing but bare legal title. In fairness to the extent Dungan E. Kaylor made payments, first to the law firm composed of King, Kaylor and Thornhill and, after the dissolution of this law firm, to the remaining professional association composed of Mr. King and Mr. Thornhill, he shall have an equitable lien, and upon disposition of the property, shall be entitled to be reimbursed for those payments.

A separate Final Judgment shall be entered in accordance with the foregoing.